■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HECTOR ORTIZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 10, 1971, convicting him of felony murder, upon a jury verdict, and sentencing him to a prison term of 20 years to life. Judgment reversed, on the law, and new trial ordered. The only factual issues raised on this appeal were whether defendant's confession was voluntary. This court has considered those issues and has determined that the voluntariness of the confession was established. Defendant was charged with the murder of a door-to-door salesman during the commission of a robbery. At his trial, several law enforcement officials testified to statements made by defendant in which he had said that another person had importuned him to rob the salesman, that he had refused, that the other person had committed the crime and that he (defendant) had helped dispose of the body (the crime occurred in defendant's apartment). In order to contradict the exculpatory portions of defendant's statements, the People produced one Andrew Acevedo who testified that prior to the crime defendant had importuned him to rob the salesman, but that he (Acevedo) had declined. During the course of cross-examination, the witness denied the use of narcotics. There was no other testimony connecting defendant with the crime. At the end of the People's case, the trial court denied defense counsel's motion to dismiss the indictment, *solely* because of this witness' testimony. Were it not for this, said the court, it would have granted the motion under *People* v. *Galbo* (218 N. Y. 283), because there would have been no proof beyond the inference to be drawn from the admitted recent possession of the decedent's body and a man may not be found guilty of murder based thereon. Despite this ruling, the court later refused to permit defense counsel to elicit from a witness the following testimony: that Acevedo had told that witness that at the time he (Acevedo) said he had the incriminating conversation with defendant he (Acevedo) was "sick" from taking a shot of heroin. The court rejected the testimony on the ground that Acevedo had denied taking narcotics ,and, since this was a collateral issue, defense counsel was bound by the answer of Acevedo as a witness. We disagree and hold that the trial court's ruling constitutes reversible error. While it is true that a cross-examiner is normally bound by a witness' responses concerning collateral matters and may not introduce contradictory evidence, this

is only true where the evidence is offered *solely* to impeach the witness' credibility (*People* v. *Schwartzman,* 24 N Y 2d 241, 245). Here the evidence was offered on the issue of the witness' ability to perceive, retain and transmit certain events. On that issue the testimony was proper. This was particularly so since the issue of the witness' ability to perceive, etc., was not only not collateral, but critical to both parties' case. In *People* v. *Webster* (139 N. Y. 73) the Court of Appeals was faced with a strikingly similar issue (although involving the contradiction of a People's witness) and the court approved the use of such contradictory testimony as follows (p. 87) : "Under these circumstances, we think the People were entitled to give independent proof of the extent to which this habit had control of her, and to contradict her testimony when she denied that she had stated that she was so addicted to the use of the drug at the time the homicide occurred that she could not live without it. She was one of the principal witnesses for the defense. She claimed to have been present when the defendant killed the deceased, and to have witnessed the entire occurrence, and to be able to give the minute description of the fatal encounter, and the value of her testimony depended largely upon the accuracy of her perceptions. If she was then under the influence of a powerful narcotic, whose well-known properties are to distort the vision and induce mental confusion, it was material to show it; and her denial of the admission she made to the housekeeper was the denial of a material fact with respect to which she might be contradicted if the denial was untrue. It was not within the rule which concludes the cross-examining party by the answers of the witness." Rabin, P. J., Hopkins, Latham, Shapiro and Benjamin, JJ., concur.