■ VIRGINIA R. DALY, Respondent, v DONALD DALY, Appellant.—In a matrimonial action in which a judgment of divorce was entered in favor of the plaintiff wife upon the default of the defendant husband, the defendant appeals from an order of the Supreme Court, Suffolk County, dated September 11, 1979, which denied his motion to vacate the default judgment. Order reversed, without costs or disbursements, motion granted and judgment vacated, on condition that (1) the defendant, in the interim, fully comply with the terms of the order of Mr. Justice Geiller at Special Term, Part V, of the Supreme Court, Suffolk County, dated July 31, 1978, and (2) the defendant's attorney personally pay the sum of $500 to the plaintiff within 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. The action is to proceed to trial forthwith. In the event that said conditions are not complied with, then order affirmed, without costs or disbursements. As this court has often stated, our policy with respect to vacating defaults in matrimonial actions is a liberal one (Levy v Levy, 67 AD2d 998; Hewlett v Hewlett, 63 AD2d 977; Hegarty v Hegarty, 48 AD2d 891). The circumstances which gave rise to the default in the case justify our reversal and the granting of defendant's motion to open his default under the conditions indicated (see Sweeney v Sweeney, 73 AD2d 915). However, in vacating the default judgment, we do not countenance defendant's counsel's failure to apprise himself of the status of his application to Special Term for an August 7, 1979 adjournment of the instant matter, and, for that reason, we have directed him to personally pay $500 to the plaintiff. The action should proceed to trial forthwith. Mangano, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.

■ DONNA M. DANIELE et al., Appellants, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Respondents.—In a medical malpractice action, plaintiffs appeal from so much of an order of the Supreme Court, Queens County, dated December 3, 1979 and, upon reargument, adhered to that part of its prior order dated August 23, 1979, which directed plaintiff Donna M. Daniele to appear for an examination before trial and answer questions regarding any treatment she may have received from a psychiatrist or psychologist. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable to the respondents appearing and filing a brief. Plaintiffs' claim that the injuries sustained included insomnia, irritability, fatigue and weight loss, together with a statement in plaintiff's physician's report that "there is a marked psychological or functional overlay to account an elaboration of some of the symptoms and signs", affirmatively placed plaintiff Donna M. Daniele's mental condition in controversy, and entitled the defendants to full disclosure regarding any psychiatric or psychological treatment she may have received prior to or subsequent to the date of the alleged malpractice (see Koump v Smith, 25 NY2d 287). Mangano, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.