■ GOLDA LEICHTER, Respondent, et al., Plaintiff, v GLADYS COHEN, Appellant, et al., Defendants.

While the court has "wide discretion to decide whether information sought is 'material and necessary' to the * * * defense of an action * * * that discretion is not unlimited" (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406). By bringing this action and affirmatively placing her physical and mental condition in issue, the plaintiff Golda Leichter (hereinafter the plaintiff) waived the doctor-patient privilege *(see, Koump v Smith*, 25 NY2d 287, 295; *Prink v Rockefeller Center*, 48 NY2d 309; CPLR 3121 [a]). Accordingly, the defendant Gladys Cohen (hereinafter the defendant) was entitled to the records of specified hospitals and doctors "relating to" the plaintiff's mental and physical condition *(see,* CPLR 3121 [a]). The plaintiff claimed that she suffered psychological injuries arising from an automobile accident on December 27, 1981, and that several months later she underwent a radical mastectomy. From her deposition, it appears that the plaintiff developed some psychological problems from that operation. After the accident, the plaintiff also suffered heart palpitations and was treated by Doctors Cohen and Silver.

Although the plaintiff may not be claiming that her heart condition and mastectomy are related to the accident, nevertheless, taking into consideration the temporal proximity of these incidents, there may be a causal interrelationship with the psychological injuries alleged. The defendant would have the right to discover the extent of the physical and psychological injuries which resulted from the automobile accident, as distinguished from the plaintiff's other postaccident medical conditions. Accordingly, the medical records sought by the defendant relate to the plaintiff's mental and physical condition and the defendant was entitled to their disclosure. Thompson, J. P., Niehoff, Rubin and Spatt, JJ., concur.