■ FRANCINE ST. CLARE, Respondent, v ROBERT V. CATTANI, Appellant.—In a negligence action to recover damages for personal injuries arising from alleged medical malpractice, the defendant appeals, as limited by his brief, from so much of an

order of the Supreme Court, Kings County (Levine, J.), dated August 14, 1985, as denied those branches of his motion which were to compel the plaintiff to furnish written authorizations to him to obtain certain of her psychological and employment records.

Ordered that the order is modified, by deleting so much of the second decretal paragraph thereof as denied that branch of the defendant's motion which was to compel the plaintiff to provide written authorizations for the records of Dr. Gisella Mankewicz, Dr. Harriet Michel, the Institute for Rational Emotive Therapy and for her employment records with Matthew Bender, and substituting therefor a provision granting that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the plaintiff's time to provide the authorizations is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff alleged in her amended complaint that the permanent facial scarring and disfigurement arising from the defendant's malpractice caused her to develop "psychoneurosis manifested by phobias". By this and other allegations in her bill of particulars, and statements made during her examination before trial, the plaintiff affirmatively placed her mental condition in controversy, which entitled the defendant to full disclosure regarding any "psychological treatment she may have received prior to or subsequent to the date of the alleged malpractice" (see, Daniele v Long Is. Jewish-Hillside Med. Center, 74 AD2d 814). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.