■ DONNA M. STRONG, Respondent, v BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER et al., Defendants, and ROBERT STACK, as Executor of CAROLYN KELLY, Deceased, Appellant. [659 NYS2d 104] —In an action to recover damages for wrongful death and conscious pain and suffering, the defendant Robert Stack, as Executor of the Estate of Carolyn Kelly, deceased, appeals from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated July 8, 1996, as granted the plaintiff's motion for renewal of a prior motion for a protective order, and upon renewal, granted the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action arises out of the alleged acts of malpractice committed by Dr. Carolyn Kelly and other health care providers in their diagnoses and treatment of the decedent's cardiac condition. The original complaint and bill of particulars included claims for "mental anguish" and "fear of dying" suffered by the decedent as a result of the alleged malpractice. After a demand for authorization to produce the decedent's medical records was made, the plaintiff moved, *inter alia,* for a protective order to preclude disclosure of the decedent's psychological and psychiatric records. The trial court declined to issue the protective order but directed the plaintiff to produce the relevant records, which encompassed eight psychotherapy sessions, for an in camera inspection. Prior to the date of the inspection, however, after the plaintiff had an opportunity to obtain and review the therapist's records, she withdrew the claim for damages related to mental anguish and fear of dying, and then moved to renew her prior motion. The court granted renewal and issued a protective order precluding disclosure of the therapist's records.

Contrary to the appellant's contention, the trial court properly granted renewal. While it is generally true that a motion to renew must be based on newly-discovered facts, courts have discretion to grant this relief in the interest of justice, although not all the requirements for renewal are met (*see,* CPLR

2221; *Liberty Mut. Ins. Co. v Allstate Ins. Co.,* 237 AD2d 260; *Vayser v Waldbaum, Inc.,* 225 AD2d 760; *Friedman v U-Haul Truck Rental,* 216 AD2d 266; *Karlin v Bridges,* 172 AD2d 644; *Pietrowski v City of New York,* 166 AD2d 423).

Upon renewal, the court properly issued a protective order precluding discovery of the decedent's psychiatric and psychological records (*see,* CPLR 3103, 4504 [c]; *Prink v Rockefeller Ctr.,* 48 NY2d 309). Notwithstanding the temporal proximity of the decedent's therapy sessions with his treatment by Dr. Kelly and the other defendants, after the plaintiff withdrew her claims to recover damages for mental anguish and fear of dying, the records sought were no longer relevant to a condition at issue in this action (*see,* CPLR 3121; *Dillenbeck v Hess,* 73 NY2d 278; *Friedlander v Morales,* 70 AD2d 501). O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.