■ WILLIAM T. MOORE, Respondent, v SUPERIOR ICE RINK, INC., Appellant. [674 NYS2d 390] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated August 28, 1997, as granted its motion to compel the plaintiff to provide it with executed medical authorizations only to the extent that the plaintiff was required to produce pharmacy records for the six-month period immediately preceding the date of the accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that he broke his arm while ice skating on the defendant's rink due to the defective ice skates which the defendant rented to him. Upon reviewing some of the medical records for which the plaintiff had authorized discovery, the defendant discovered that the plaintiff had been prescribed drugs for mental depression which had a potential physiological effect of causing the plaintiff to be unsteady on his feet. In an attempt to develop the affirmative defense that the plaintiff assumed the risk of ice skating in his condition, or, at the very least, that he contributed to the accident, the defendant sought further authorizations to examine the plaintiff's medical and psychiatric records for the two years prior to the incident. In support of its position, the defendant contended that the plaintiff had placed his mental condition in issue by alleging in the bill of particulars that he had suffered mental anguish and a loss of enjoyment of life as a result of the accident.

In opposition to the defendant's motion, the plaintiff stipulated that he would not claim mental disability or impairment as a result of the accident. Accordingly, the court precluded him "from claiming upon trial that his mental condition was worsened or in any way adversely affected or caused by the accident", thus rendering most of the records sought irrelevant to a condition at issue in this action (CPLR 3121; *see, Dillenbeck v Hess,* 73 NY2d 278; *see also, Strong v Brookhaven Mem. Hosp. Med. Ctr.,* 240 AD2d 726). Under the circumstances, the Supreme Court did not err in limiting the defendant's discovery of pre-accident medical and psychiatric records to information regarding the types and quantities of drugs that had been prescribed for the plaintiff's mental disorder during the six-month period immediately preceding the accident. In doing so, the court preserved the plaintiff's patient-physician privilege

(*see,* CPLR 4504) while still permitting the defendant to explore the possibility that the plaintiff suffered adverse side effects from the drugs he took which might have contributed to the cause of the accident. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.