■ **L.S.**, Respondent, v ELIE F. HAROUCHE, Appellant. [690 NYS2d 1] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered March 4, 1998, which, after a jury trial, awarded plaintiff damages structured pursuant to CPLR article 50-A, unanimously affirmed, without costs.

In this medical malpractice action, defendant's present claim that evidence of plaintiff's psychiatric history was relevant to the issue of causation is not preserved for our review (*People v Williams*, 6 NY2d 18, 23, *cert denied* 361 US 920; *People v Mejia*, 221 AD2d 182, 183, *lv denied* 87 NY2d 975). In any event, admission of the evidence of plaintiff's psychiatric history upon the theory lately advanced by defendants would have been properly denied since plaintiff withdrew her claims of emotional and psychological damage (*see, Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726; *cf., Carr v 583-587 Broadway Assocs.*, 238 AD2d 184), and insofar as the evidence was proferred on the issue of plaintiff's credibility, it was properly ruled inadmissible as collateral (*see, Coopersmith v Gold*, 89 NY2d 957, 959). Contrary to defendant's argument, plaintiff's testimony regarding her loss of enjoyment of life was limited to the physical effects of defendant's malpractice. In the few instances where plaintiff testified about being "upset", the court struck her responses. Since plaintiff's psychiatric history was not probative of her claimed injury, it was properly excluded (*see, Cronin v Gramercy Five Assocs.*, 233 AD2d 263).

The jury's verdict on causation was not against the weight of the evidence (*see, Mazariegos v New York City Tr. Auth.*, 230 AD2d 608). Defendant's "own-self-serving view of the evidence * * * gives this Court no reason to disturb the trial court's denial of [a] motion to set aside the verdict" (*Maharam v Maharam*, 235 AD2d 226), and defendant's medical witnesses' contrary opinion is not a ground for setting aside the verdict as against the weight of the evidence (*Ayoung v Epstein*, 177 AD2d 460).

The verdict, as reduced by the trial court, does not deviate materially from what is reasonable compensation under the circumstances (*see,* CPLR 5501 [c]). Concur—Ellerin, P. J., Rosenberger, Andrias and Friedman, JJ.