■ JULIUS VANALST, Respondent, v CITY OF NEW YORK, Defendant, and BROOKLYN UNION GAS COMPANY, Appellant. (And a Third-Party Action.) [715 NYS2d 422] —In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated August 13, 1999, as denied that branch of its cross motion which was to compel the plaintiff to provide discovery.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the cross motion is granted, and the plaintiff is directed to provide the appellant, Brooklyn Union Gas Company, with copies of all medical reports, hospital reports, and medical reports from the plaintiff's Social Security Disability claim, concerning back injuries the plaintiff sustained before September 28, 1991.

The plaintiff alleges that he sustained an injury to his left knee when he tripped and fell in a roadway on September 28, 1991. During the course of discovery, it was learned that the plaintiff has a history of lower back pain as the result of an automobile accident in 1986 and a work-related accident in 1989. The defendant Brooklyn Union Gas Company sought discovery pertaining to those injuries, contending that since the plaintiff is seeking damages for loss of the enjoyment of life as a result of the accident on September 28, 1991, the nature and extent of the prior injuries may be relevant on the issue of damages.

It is well settled that a party waives the physician-patient privilege by affirmatively placing his or her physical condition in issue (*see, Dillenbeck v Hess,* 73 NY2d 278; *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452), and that CPLR 3101 (a) requires full disclosure of all evidence material and necessary to the prosecution or defense of an action, regardless of the burden of proof (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403).

Here, the nature and severity of the plaintiff's previous back injuries may have an impact upon the amount of damages, if any, recoverable for a claimed loss of enjoyment of life because of his current knee injury. Therefore, the requested records and reports are material and necessary to the defense, and the Supreme Court erred in denying that branch of the appellant's cross motion which was for disclosure (*see,* CPLR 3101 [a]; *Dillenbeck v Hess, supra; Allen v Crowell-Collier Publ. Co., supra*). Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.