der is not properly before us. The only notice of appeal in the record is from the judgment, and the order does not "necessarily affect[ ] the final judgment" entered against defendant physicians (CPLR 5501 [a] [1]; *see, Soto v Montanez,* 173 AD2d 90, 93, n; *Crystal v Manes,* 130 AD2d 979). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Negligence.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ CHRISTINE CARNEY et al., Respondents, v PAUL J. WOPPERER et al., Appellants. (Appeal No. 2.) [715 NYS2d 678] —Appeals unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeals from Order of Supreme Court, Erie County, Fahey, J.—Discovery.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ CHRISTINE CARNEY et al., Respondents, v PAUL J. WOPPERER et al., Appellants. (Appeal No. 3.) [715 NYS2d 263] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants appeal from an order granting their motion to renew and upon renewal denying their motion seeking to compel plaintiffs to respond to questions during their depositions concerning their marital therapy and seeking discovery of records of plaintiffs' marital therapy sessions. Supreme Court had reviewed the records in camera before denying a prior motion seeking to compel plaintiffs to provide authorizations to obtain those records. Subsequent to that order, plaintiff wife testified at a deposition that the marital problems were due solely to the alleged medical malpractice of defendants. The alleged marital problems are an integral part of plaintiffs' claim for damages based on mental anguish, loss of enjoyment of life, loss of consortium and loss of companionship and thus we conclude that defendants are entitled to discovery of the records and that plaintiffs must respond to questions concerning their marital therapy (*see, Geraci v National Fuel Gas Distrib. Corp.,* 255 AD2d 945, 946; *see also, Ellerin v Bentley's,* 266 AD2d 259, 260). We therefore modify the order by granting those parts of defendants' motion seeking to compel plaintiffs to respond to questions during their depositions concerning their marital therapy and to compel plaintiffs to provide requested authorizations so that defendants can obtain those records of plaintiffs' marital therapy sessions, which shall be redacted to delete all references to the siblings of plaintiff Christine Carney. (Appeals from Order of Supreme Court, Erie County, Fahey, J.—Renewal.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.