■ PEDRO AVILA, Respondent, v 106 CORONA REALTY CORP., Appellant. [750 NYS2d 764] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated October 25, 2001, which, inter alia, denied its motion to compel the plaintiff to provide it with unrestricted medical authorizations.

Ordered that the order is reversed, on the law, with costs, and the motion is granted; and it is further,

Ordered that within 30 days of service upon him of a copy of this decision and order, the plaintiff shall provide the defendant with unrestricted medical authorizations.

"It is well settled that a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR * * * when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457 [footnote omitted]). Here, the plaintiff affirmatively placed his entire medical condition in controversy through the broad allegations of physical injury and mental anguish contained in his bill of particulars. Accordingly, the defendant is entitled to full disclosure regarding any medical or psychological treatment that the plaintiff may have received (*see Molesi v Rubenstein,* 294 AD2d 546; *Schager v Durland,* 286 AD2d 725; *Ellerin v Bentley's,* 266 AD2d 259, 260; *Geraci v National Fuel Gas Distrib. Corp.,* 255 AD2d 945, 946). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.