*869 OPINION OF THE COURT
Joan B. Carey, J.
Motion by defendant Yun Hsi Hsu to compel the plaintiff to appear for a continued deposition and to postpone the depositions of the defendants pending the completion of the plaintiffs continued deposition.
The plaintiff commenced the instant action against defendant Yun Hsi Hsu, M.D., to recover damages for medical malpractice, alleging that Dr. Hsu injured the plaintiffs lingual nerve while attempting to surgically excise the plaintiffs salivary gland. The action was also commenced against defendant Saint Vincent’s Catholic Medical Center of New York, at whose facility the surgical procedure was performed.
Following the joinder of issue the plaintiffs deposition was taken. During the course of the deposition counsel for Dr. Hsu attempted to ask the plaintiff the following questions, each of which plaintiffs counsel directed her not to answer: (1) whether the plaintiff was taking any medications at the time of the deposition, (2) whether the plaintiff was on disability (i.e., Social Security disability insurance), and if so, when she began receiving benefits and the nature of the disability, (3) whether the plaintiff had ever filed for bankruptcy, (4) whether the plaintiff had ever been diagnosed with a psychological disorder, (5) whether the plaintiff had ever experienced palpitations, and (6) whether the plaintiff had undergone surgery prior to the surgery giving rise to this action. Dr. Hsu now moves, among other things, to compel the plaintiff to appear for a continued deposition to answer the questions blocked by her counsel during the initial deposition.
The proper procedure during the course of an examination before trial is to permit the witness to answer all questions posed, subject to objections pursuant to subdivisions (b), (c) and (d) of CPLR 3115, unless a question is clearly violative of the witness’s constitutional rights or of some privilege recognized in law, or is palpably irrelevant (see Dibble v Consolidated Rail Corp., 181 AD2d 1040 [4th Dept 1992]; Humiston v Grose, 144 AD2d 907 [4th Dept 1988]; White v Martins, 100 AD2d 805 [1st Dept 1984]; Watson v State of New York, 53 AD2d 798 [3d Dept 1976]; Freedco Prods. v New York Tel. Co., 47 AD2d 654 [2d Dept 1975]; Baer, Jr. and Meade, Depositions, at 82-85 [“Conduct of Deposition”]; see also Orner v Mount Sinai Hosp., 305 AD2d 307 [1st Dept 2003]; Tardibuono v County of Nassau, 181 *870 AD2d 879 [2d Dept 1992]; Byork v Carmer, 109 AD2d 1087 [4th Dept 1985]; Hertz Corp. v Avis, Inc., 106 AD2d 246 [1st Dept 1985]; Edelstein v Glynn, 85 AD2d 593 [2d Dept 1981]; Dailey v Tofel, Berelson, Saxl & Partners, P.C., 2002 NY Slip Op 40243[U] [App Term, 2d & 11th Jud Dists 2002]). The reason for this maxim is simple: only objections to form and the technical aspects of the deposition are waived if not timely raised at the deposition (see CPLR 3115 [a], [b], [c], [d]; Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3115:l, C3115:2, C3115:3, C3115:4; see also Siegel, NY Prac § 356, at 583 [4th ed 2005]; 1 Payne and Zalayet, Modern New York Discovery § 8.55, at 136-138 [2d ed 2004]). Thus, the CPLR has attempted to create an environment conducive to open, expansive disclosure during the taking of a deposition.
Unfortunately, this environment is routinely polluted by the conduct of attorneys at depositions. Perhaps because they are routinely unsupervised, depositions have become breeding grounds for a myriad of unprofessional and dilatory conduct. So profound and widespread is this conduct that law review articles have been dedicated to highlighting its existence (see e.g. Cary, Rambo Depositions: Controlling an Ethical Cancer in Civil Litigation, 25 Hofstra L Rev 561 [1996]), and proposed regulations have been suggested to stymie its proliferation (2005 Report of Advisory Comm on Civil Practice, at 90-94 [regulations aimed at curbing the practice of “speaking objections” and delineating when an attorney can direct a witness not to answer a question]). The deposition-related conduct in the case at bar highlights one of the “abuses” the Advisory Committee is seeking to address, namely, the practice of attorneys directing witnesses not to answer questions.
Initially, plaintiff’s counsel does not assert that any of the blocked questions implicated the plaintiffs constitutional rights or a privilege recognized in law. Rather, counsel essentially asserts that the blocked questions were palpably irrelevant.
The first blocked question — whether the plaintiff was taking any medication at the time of the deposition — was relevant, as it related to the plaintiffs ability to recall the events surrounding this action. For example, if the plaintiff were taking a medication or a regimen of medications at the time of the deposition, it is possible that the medication or medications could have affected the plaintiffs memory and/or ability to recall relevant events (see Prince, Richardson on Evidence § 6-418, at 425-426 [Farrell 11th ed]; see also People v Freeland, 36 NY2d 518 *871 [1975]; People v Knatz, 76 AD2d 889 [2d Dept 1980]; People v Ortiz, 40 AD2d 857 [2d Dept 1972]). Thus, plaintiff’s counsel improperly instructed the plaintiff not to answer this question.
Similarly, questions related to the plaintiffs general health and prior surgeries, and questions related to her receipt of disability benefits, both prior to and following the surgical procedure giving rise to this action, were improperly blocked. The plaintiff asserted claims for pain and suffering, and loss of enjoyment of life. The plaintiffs responses to these lines of inquiry are required, as they will help shed light on what affect, if any, the defendants’ alleged malpractice had on the plaintiffs health and enjoyment of life. Concomitantly, these lines of inquiry are relevant on the issue of damages. Therefore, these questions were not palpably improper and should have been answered by the plaintiff.
Plaintiffs counsel also improperly blocked defense counsel’s inquiry regarding whether the plaintiff had filed for personal bankruptcy. Upon the filing of a personal bankruptcy petition, an estate is created (11 USC § 541 [a]). This estate includes, among other things, all legal interests of the debtor in property at the commencement of the bankruptcy proceeding and all such interests acquired (11 USC § 541 [a] [1], [7]). Thus, a cause of action that accrues prior to or following the commencement of a bankruptcy proceeding is the property of the bankruptcy estate, and consequently, the debtor lacks legal capacity to commence or maintain a lawsuit on such a cause of action (see Santtori v Met Life, 11 AD3d 597 [2d Dept 2004]; Williams v Stein, 6 AD3d 197 [1st Dept 2004]; 123 Cutting Co. v Topcove Assoc., 2 AD3d 606 [2d Dept 2003]; Martinez v Desai, 273 AD2d 447 [2d Dept 2000]; Goldstein v St. John’s Episcopal Hosp., 267 AD2d 426 [2d Dept 1999]; Pinto v Ancona, 262 AD2d 472 [2d Dept 1999]; Burton v Rogovin, 262 AD2d 72 [1st Dept 1999]; Bromley v Fleet Bank, 240 AD2d 611 [2d Dept 1997]; Reynolds v Blue Cross of Northeastern N.Y., 210 AD2d 619 [3d Dept 1994]; see also CPLR 3211 [a] [3]). Accordingly, counsel for Dr. Hsu is entitled to question the plaintiff regarding whether she filed for bankruptcy.
With respect to the question posed to the plaintiff regarding whether she had ever been diagnosed with a psychological disorder, the record before the court is insufficient to make a determination concerning the propriety of plaintiffs refusal to answer that question. In the event that the plaintiffs claim for loss of enjoyment of life is limited solely to the physical effects *872 of the defendants’ alleged malpractice, then questioning regarding the plaintiffs mental state would be improper (see L.S. v Harouche, 260 AD2d 250 [1st Dept 1999]; see also Moore v Superior Ice Rink, 251 AD2d 305 [2d Dept 1998]; Strong v Brookhaven Mem. Hosp. Med. Ctr., 240 AD2d 726 [2d Dept 1997]). Conversely, if the plaintiff seeks to recover for any specie of emotional or psychological damage, then defense counsel would be entitled to probe the plaintiff on the issue of her mental health history at her continued deposition and obtain authorizations to obtain copies of medical records related thereto (see Carney v Wopperer, 277 AD2d 1050 [4th Dept 2000]; St. Clare v Cattani, 128 AD2d 766 [2d Dept 1987]). Accordingly, the plaintiff may, if she has claims for emotional or psychological damages, execute an unequivocal stipulation withdrawing such claims (see Moore v Superior Ice Rink, supra; Strong v Brookhaven Mem. Hosp. Med. Ctr., supra), or, alternatively, the plaintiff may answer questions posed to her at her continued deposition regarding her mental health history and provide defense counsel with HIPAA (Health Insurance Portability and Accountability Act) compliant authorizations for mental health care providers.
Based upon the foregoing, it is hereby ordered that the motion of defendant Yun Hsi Hsu is granted.