■ GERI DIAMOND, Respondent, v ROSS ORTHOPEDIC GROUP, P.C., et al., Appellants. [839 NYS2d 211]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered August 10, 2006, as denied those branches of their motion which were to direct the plaintiff to execute authorizations for the release of the medical and hospital records requested in item Nos. 1, 2, 4, 5, 7, 9, 13, 20, 23, 24, 25, 26, 28, and 29 of the demand for authorizations dated January 4, 2006, and, in effect, denied that branch of the motion which was to direct the plaintiff to execute an authorization for item No. 16.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion which were to direct the plaintiff to provide the defendants with authorizations for the release of her medical and hospital records requested in item Nos. 1, 2, 4, 5, 7, 9, 13, 16, 20, 23, 24, 25, 26, 28, and 29 of the demand for authorizations dated January 4, 2006, are granted.

"It is well settled that a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR . . . when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *see Dillenbeck v Hess*, 73 NY2d 278 [1989]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]). Here, the plaintiff affirmatively placed her entire medical condition in controversy through the broad allegations of physical injury and mental anguish contained in her bill of particulars (*see Avila v 106 Corona Realty Corp., supra; St. Clare v Cattani*, 128 AD2d 766 [1987]; *Daniele v Long*

*Is. Jewish-Hillside Med. Ctr.*, 74 AD2d 814 [1980]). In addition, the nature and severity of the plaintiff's previous injuries and medical conditions are material and necessary to the issue of damages, if any, recoverable for a claimed loss of enjoyment of life due to her current foot injury (*see Vanalst v City of New York*, 276 AD2d 789 [2000]). Thus, the Supreme Court erred in denying those branches of the defendants' motion which were to compel the plaintiff to provide certain medical authorizations for the release of her medical and hospital records relating to her medical condition (*see Avila v 106 Corona Realty Corp.*, *supra; Molesi v Rubenstein*, 294 AD2d 546 [2002]; *Schager v Durland*, 286 AD2d 725 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.