■ SAMUEL WEBER, JR., et al., Respondents, v RYDER TRS, INC., et al., Appellants. [854 NYS2d 480]—

A party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue (*see* CPLR 3121 [a]; *Dillenbeck v Hess,* 73 NY2d 278 [1989]; *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457 [1983]; *Diamond v Ross Orthopedic Group, P.C.,* 41 AD3d 768 [2007]), and CPLR 3101 (a) requires full disclosure of all evidence material and necessary to the prosecution or defense of an action, regardless of the burden of proof (*see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968]). Here, information as to the nature and severity of the injured plaintiff's previous right shoulder injury and right shoulder surgery are material and necessary to the issue of damages, if any, recoverable for a claimed loss of enjoyment of life due to the current injuries sustained by him in the subject motor vehicle accident (*see Diamond v Ross Orthopedic Group, P.C.,* 41 AD3d at 769; *Vanalst v City of New York,* 276 AD2d 789 [2000]). Accordingly, that branch of the defendants' motion which was to compel the plaintiff Samuel Weber, Jr., to provide authorizations for the release of his medical records pertaining to a prior right shoulder injury and surgery should have been granted. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.