■ Patricia Corbey et al., Respondents, v Medhat Allam et al., Appellants, et al., Defendants. [871 NYS2d 712]—

In an action to recover damages for medical malpractice, etc., the defendants Medhat Allam, Eastern Long Island Surgery, P.C., Bradley Gluck, North Fork Radiology, P.C., and Hampton

Radiology, P.C., appeal, as limited by their notices of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated October 16, 2007, as denied those branches of their respective motions which were to compel the plaintiffs to provide authorizations for the release of certain medical records, and granted the plaintiffs' cross motion for a protective order.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the appellants' motions which were to compel the plaintiffs to provide authorizations for the release of certain medical records are granted, and the plaintiffs' cross motion for a protective order is denied.

A party who affirmatively places his or her physical or mental condition in issue has waived any physician-patient privilege that may attach to the records of that condition and must provide duly-executed and acknowledged written authorizations for their release (see Dillenbeck v Hess, 73 NY2d 278 [1989]; Weber v Ryder TRS, Inc., 49 AD3d 865 [2008]). Although a party may avoid the disclosure of medical records in such circumstances by abandoning claims of psychological or psychiatric injury (see Bobrowsky v Toyota Motor Sales U.S.A., 261 AD2d 349 [1999]; cf., Cruci v General Elec. Co., 33 AD3d 840 [2006]; Goldberg v Fenig, 300 AD2d 439, 440 [2002]; Carboni v New York Med. Coll., 290 AD2d 473, 473-474 [2002]), the burden of establishing that there has been no waiver of the privilege is on the party asserting the privilege (see People v Kozlowski, 11 NY3d 223, 246 [2008], affd 11 NY3d 223 [2008]; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]). Here, the pleadings affirmatively placed the mental condition of the plaintiff Patricia Corbey (hereinafter the plaintiff) in issue (see e.g. Avila v 106 Corona Realty Corp., 300 AD2d 266, 267 [2002]; Molesi v Rubenstein, 294 AD2d 546 [2002]; Starling v Warshowski, 148 AD2d 441, 442 [1989]; Leichter v Cohen, 124 AD2d 710, 711 [1986]). The plaintiff did not unequivocally abandon her claims of psychological injury before the Supreme Court and thus her mental condition remained in issue. Accordingly, since the plaintiff failed to carry her burden in opposing the motion for disclosure and in support of her cross motion for a protective order, the appellants were entitled to disclosure of the requested records. Spolzino, J.P., Fisher, Miller and Carni, JJ., concur.