(October 20, 2009)

■ MOHAMED M. ABDALLA, Respondent, v MAZL TAXI, INC., et al., Appellants. [887 NYS2d 250]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Mayersohn, J.), dated May 22, 2009, as denied those branches of their motion which were to compel the plaintiff to provide authorizations for the release of certain medical records and for leave to extend their time to file a motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and those branches of the defendants' motion which were to compel the plaintiff to provide authorizations for the release of his medical records pertaining to his diabetes and for leave to extend their time to file a motion for summary judgment are granted.

"It is well settled that a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR . . . when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *see Dillenbeck v Hess*, 73 NY2d 278 [1989]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]). Here, the plaintiff affirmatively placed his entire medical condition in controversy through the broad allegations of physical injury and mental anguish contained in his bill of particulars (*see Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768, 769 [2007]; *Avila v 106 Corona Realty Corp.*, 300 AD2d at 267; *St. Clare v Cattani*, 128 AD2d 766 [1987]). In addition, the nature and severity of the plaintiff's previous medical condition is material and necessary to the issue of damages, if any, recoverable for a claimed loss of enjoyment of life due to his current injuries (*see Orlando v Richmond Precast, Inc.*, 53 AD3d 534 [2008]; *Weber v Ryder TRS, Inc.*, 49 AD3d 865 [2008]; *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d at 769). Accordingly, that branch of the defendants' motion which was to compel the plaintiff to provide authorizations for the release of his medical records pertaining to his diabetes should have been granted.

The defendants established good cause in support of that branch of their motion which was for leave to extend their time to move for summary judgment until 120 days after receipt of all outstanding discovery, since there was significant discovery outstanding at the time the note of issue was filed (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]; *Jones v Grand Opal Constr. Corp.*, 64 AD3d 543 [2009]; *Sclafani v Washington*

*Mut.,* 36 AD3d 682 [2007]; *Herrera v Felice Realty Corp.,* 22 AD3d 723, 724 [2005]). Therefore, that branch of their motion should have been granted. Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.