■ MICHAEL A. DeLOUISE, Respondent, v S.K.I. WHOLESALE BEER CORP. et al., Appellants. (And a Third-Party Action.) [913 NYS2d 774]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 7, 2010, as denied those branches of their motion which were to compel the plaintiff to provide compliant authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) for certain medical and hospital records relating to his medical condition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were to compel the plaintiff to provide compliant authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) for certain medical and hospital records relating to his medical condition are granted.

"[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR . . . when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *see Dillenbeck v Hess*, 73 NY2d 278 [1989]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]). Here, the plaintiff affirmatively placed his entire medical condition in controversy through the broad allegations of physical injury and mental anguish contained in the complaint and bill of particulars (*see Avila v 106 Corona Realty Corp.*, 300 AD2d at 267; *St. Clare v Cattani*, 128 AD2d 766 [1987]; *Daniele v Long Is. Jewish-Hillside Med. Ctr.*, 74 AD2d 814 [1980]). Moreover, the nature and severity of the plaintiff's previous injuries and medical conditions are material and necessary to his claims of having sustained a serious injury within the meaning of Insurance Law § 5102 (d), as well as to any claims of loss of enjoyment of life (*see Vanalst v City of New York*, 276 AD2d 789 [2000]). Thus, the Supreme Court erred in denying those branches of the defendants' motion which were to compel the plaintiff to provide compliant authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) for certain medical and hospital records relating to his medical condition (*see Avila v 106 Corona Realty Corp.*, 300 AD2d at 267; *Molesi v Rubenstein*, 294 AD2d 546 [2002]; *Schager v Durland*, 286 AD2d 725 [2001]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.