■ NAT AZZNARA, Respondent, v ANDREW STRAUSS, Appellants. [915 NYS2d 868]—

In an action to recover damages for chiropractic malpractice and lack of informed consent, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated March 12, 2010, as denied those branches of their motion which were to compel the plaintiff to provide authorizations for the release of the plaintiff's alcohol and drug abuse records and all of the plaintiff's pharmacy and health insurance records.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was to compel the plaintiff to provide authorizations for the release of plaintiff's alcohol and drug abuse records, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff seeks damages, inter alia, for his claim of loss of enjoyment of life resulting from chiropractic malpractice. Since the plaintiff's alcohol and drug abuse records were material and necessary to the plaintiff's claim for damages, that branch of

the defendants' motion which was to compel the plaintiff to provide authorizations for the release of his alcohol and drug abuse records should have been granted (*see Rothstein v Huh*, 60 AD3d 839 [2009]; *Steward v New York City Hous. Auth.*, 302 AD2d 449 [2003]; *Coddington v Lisk*, 249 AD2d 817, 818 [1998]).

Although the plaintiff's pharmacy and health insurance records may properly be discovered (*see* CPLR 4504; *Neferis v DeStefano*, 265 AD2d 464, 466 [1999]; *Moore v Superior Ice Rink*, 251 AD2d 305 [1998]), the defendants' demand with respect to those two items, as currently propounded, is patently overbroad and burdensome (*see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *Bongiorno v Livingston*, 20 AD3d 379, 382 [2005]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 471 [2002]; *Holness v Chrysler Corp.*, 220 AD2d 721, 722 [1995]). Accordingly, that branch of the defendants' motion which was to compel the plaintiff to provide authorizations for the release of all of his pharmacy and health insurance records was properly denied. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.