■ DEVIN K. O'ROURKE et al., Respondents, v KENDRA J. CHEW et al., Defendants, and HESS MART, INC., et al., Appellants. [923 NYS2d 875]—

In an action to recover damages for personal injuries, etc., the defendants Hess Mart, Inc., Hess Realty Corp., and Hess Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 5, 2010, as denied that branch of the motion of the defendants Hess Mart, Inc., and Hess Realty Corp. which was to compel the plaintiff Anthony DePaola to provide authorizations for certain medical records relating to a psychological disorder.

Ordered that the appeal by the defendant Hess Corporation is dismissed, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Hess Mart, Inc., and Hess Realty Corp., on the law, and that branch of the motion of the defendants Hess Mart, Inc., and Hess Realty Corp. which was to compel the plaintiff Anthony DePaola to provide authorizations for certain medical records relating to a psychological disorder is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Hess Mart, Inc., and Hess Realty Corp.

"[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR . . . when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *see* CPLR 3121 [a]; *Dillenbeck v Hess*, 73 NY2d 278 [1989]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]). Here, the plaintiff Anthony DePaola affirmatively placed his entire medical condition in controversy through the broad allegations of physical injury and mental anguish contained in his complaint and bill of particulars (*see DeLouise v S.K.I. Wholesale Beer Corp.*, 79 AD3d 1092, 1093 [2010]; *Abdalla v Mazl Taxi, Inc.*, 66 AD3d 803, 804 [2009]; *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768, 769 [2007]; *Avila v 106 Corona Realty Corp.*, 300 AD2d at 267). Accordingly, that branch of the motion of the defendants Hess Mart, Inc., and Hess Realty Corp. which was to compel the plaintiff Anthony DePaola to provide authorizations for certain medical records relating to a psychological disorder should have been granted. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.