■ ROBERT CRISTIANO, Respondent, v YORK HUNTER SERVICES, INC., Appellant. [951 NYS2d 883]—

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew, in effect, its opposition to that branch of the plaintiff's cross motion which was for a protective order precluding discovery of medical records from Pine Street Family Care

Center. While the Supreme Court correctly, in effect, granted that branch of the cross motion initially—since the defendant, which failed to identify any particular condition or injury for which the plaintiff received treatment from the subject entity, failed to show that the records were material and necessary to the defense of the action (*see* CPLR 3101 [a] [1]; *Schiavone v Keyspan Energy Delivery NYC*, 89 AD3d 916 [2011]; *Chervin v Macura*, 28 AD3d 600 [2006])—the motion for leave to renew set forth facts that would have changed the prior determination and reasonable justification for the failure to present those facts earlier (*see* CPLR 2221 [e]). Specifically, in support of that branch of its motion which was for leave to renew, the defendant submitted a medical report it obtained after the initial motion was decided, which demonstrated that the plaintiff received treatment at Pine Street Family Care Center for a "[t]rauma" that resulted in a fractured rib. Inasmuch as this injury is relevant to the plaintiff's claim for damages for loss of enjoyment of life, the defendant was entitled to discovery of the records from Pine Street Family Care Center pertaining to the plaintiff's fractured rib injury (*see Vodoff v Mehmood*, 92 AD3d 773 [2012]; *Azznara v Strauss*, 81 AD3d 578 [2011]; *Abdalla v Mazl Taxi, Inc.*, 66 AD3d 803, 804 [2009]; *Amoroso v City of New York*, 66 AD3d 618 [2009]; *Vanalst v City of New York*, 276 AD2d 789 [2000]). Accordingly, upon renewal, that branch of the plaintiff's cross motion which was, in effect, for a protective order precluding discovery of medical records from Pine Street Family Care Center pertaining to the plaintiff's fractured rib injury should have been denied. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.