In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 9, 2012, which denied their motion pursuant to CPLR 3124 to compel the plaintiff to provide *702 an authorization for the release of his social security disability records.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants’ motion pursuant to CPLR 3124 to compel the plaintiff to provide an authorization for the release of his social security disability records is granted.
“[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue” (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [1983] [citation omitted]; see CPLR 3121 [a]; Dillenbeck v Hess, 73 NY2d 278 [1989]; Avila v 106 Corona Realty Corp., 300 AD2d 266, 267 [2002]). The plaintiff failed to meet his burden of establishing that he did not waive the privilege (see Corbey v Allam, 58 AD3d 667, 668 [2009]; Bobrowsky v Toyota Motor Sales USA,., 261 AD2d 349 [1999], cert denied 531 US 829 [2000]). The plaintiffs contention that he did not make a claim for psychological or psychiatric injury is belied by the pleadings, which affirmatively placed the plaintiff’s mental condition in issue by alleging the need to take prescription narcotic medications (see O’Rourke v Chew, 84 AD3d 1193 [2011]; DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093 [2010]; Abdalla v Mazl Taxi, Inc., 66 AD3d 803, 804 [2009]). In addition, the social security disability records are material and necessary to the issue of damages, if any, recoverable for a claimed loss of enjoyment of life (see Azznara v Strauss, 81 AD3d 578 [2011]; Amoroso v City of New York, 66 AD3d 618 [2009]; Steward v New York City Hous. Auth., 302 AD2d 449 [2003]; Coddington v Lisk, 249 AD2d 817, 818 [1998]). Accordingly, the defendants’ motion to compel the plaintiff to provide an authorization for the release of his social security disability records should have been granted.
Angiolillo, J.P, Balkin, Austin and Miller, JJ., concur.