SECOND DEPARTMENT, JANUARY, 2014

(January 8, 2014)

RUBISELA BRAVO, Respondent, v ERIC MUNDO VARGAS et al., Appellants, et al., Defendant. [978 NYS2d 313]—

"[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983] [citation omitted]; *see* CPLR 3121 [a]; *O'Rourke v Chew*, 84 AD3d 1193, 1194 [2011]). Here, the plaintiff affirmatively placed her entire medical condition in controversy through the broad allegations of physical and mental injuries that were contained in her complaint and bill of particulars, and made during her deposition (*see O'Rourke v Chew*, 84 AD3d at 1194; *DeLouise v S.K.I. Wholesale Beer Corp.*, 79 AD3d 1092, 1093 [2010]; *Abdalla v Mazl Taxi, Inc.*, 66 AD3d 803, 804 [2009]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]; *St. Clare v Cattani*, 128 AD2d 766, 767 [1987]). Moreover, the nature and extent of her previous injuries and medical conditions are material and necessary to her claims of having sustained a serious injury within the meaning of Insurance Law § 5102 (d), as well as any claims of loss of enjoyment of life (*see Cristiano v York Hunter Servs., Inc.*, 99 AD3d 751 [2012]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 79 AD3d at 1093). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the motion of the defendants Eric Mundo Vargas and Enterprise Rent-A-Car Company of

Boston, Inc. (hereinafter together the movants), which was to compel the plaintiff to provide authorizations for the release of certain records pertaining to her preexisting medical conditions (*see DeLouise v S.K.I. Wholesale Beer Corp.*, 79 AD3d at 1093; *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768 [2007]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]).

The Supreme Court also improvidently exercised its discretion in denying that branch of the motion which sought a supplemental deposition on the issue of the surgery that the plaintiff underwent following her initial deposition. Based on the plaintiff's testimony that the surgery, if successful, would alleviate several of the major injuries and limitations for which she seeks compensation, and the medical records of the surgery reflecting its nature and purpose, the movants established that further discovery on the limited issue of the surgery and any resultant changes in the plaintiff's condition would be "material and necessary" to the defense of the action (CPLR 3101; *see Everhardt v Klotzbach*, 306 AD2d 869, 870 [2003]).

However, the movants failed to establish that an additional physical examination of the plaintiff was necessary, inasmuch as they conducted an orthopedic and a neurologic examination of her after the surgery, and the movants made no showing that either examiner indicated that further evaluation was required (*cf. Tucker v Bay Shore Stor. Warehouse, Inc.*, 69 AD3d 609, 610 [2010]; *Young v Kalow*, 214 AD2d 559 [1995]). Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.