Gigauri v One Hudson Yards Owner, LLC (2023 NY Slip Op 01986)

Gigauri v One Hudson Yards Owner, LLC

2023 NY Slip Op 01986

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2021-01638
 (Index No. 501648/19)

[*1]George Gigauri, respondent, 
v
One Hudson Yards Owner, LLC, et al., appellants, et al., defendant; Freedom Electrical & Data, Inc., third-party defendant.

Barry McTiernan & Moore, LLC, New York, NY (Laurel A. Wedinger and Steven Aripotch of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP (Chirico Law, PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 5, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendants/third-party plaintiffs which were pursuant to 22 NYCRR 202.21(e) to vacate the note of issue and certificate of readiness, pursuant to CPLR 3124 to compel the plaintiff to produce certain medical authorizations and to compel the third-party defendant to appear for a deposition, or, in the alternative, to stay all proceedings in the action until the completion of discovery and to extend the time to move for summary judgment.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendants/third-party plaintiffs which was pursuant to 22 NYCRR 202.21(e) to vacate the note of issue and certificate of readiness, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants/third-party plaintiffs which was pursuant to CPLR 3124 to compel the plaintiff to produce the medical authorizations which were the subject of a demand served by the defendants/third-party plaintiffs dated November 18, 2019, and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiff to produce those authorizations, to the extent not already provided, within 30 days after service upon him of a copy of this decision and order; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendants/third-party plaintiffs.
The plaintiff commenced this action against One Hudson Yards Owner, LLC, and Structure Tone, Inc. (hereinafter together the defendants), among others, to recover damages for personal injuries. The defendants subsequently commenced a third-party action. On December 23, 2020, the plaintiff filed a note of issue and certificate of readiness. On January 6, 2021, the defendants moved, inter alia, pursuant to 22 NYCRR 202.21(e) to vacate the note of issue and certificate of readiness on the ground that discovery was not complete, pursuant to CPLR 3124 to compel the plaintiff to produce certain medical authorizations and to compel the third-party [*2]defendant to appear for a deposition, or, in the alternative, to stay all proceedings in the action until the completion of discovery and to extend the time to move for summary judgment. The plaintiff opposed the motion. In an order dated February 5, 2021, the Supreme Court, among other things, denied those branches of the motion. The defendants appeal.
The Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was pursuant to 22 NYCRR 202.21(e) to vacate the note of issue and certificate of readiness, since the defendants demonstrated that material discovery was outstanding at the time the plaintiff filed the note of issue and certificate of readiness (see 22 NYCRR 202.21[e]; Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 951; Moses v B & E Lorge Family Trust, 147 AD3d 1043, 1044-1045; Gallo v SCG Select Carrier Group, L.P., 91 AD3d 714, 714).
Moreover, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to produce the medical authorizations to the extent of compelling the plaintiff to provide the medical authorizations which were the subject of a demand served by the defendants dated November 18, 2019 (see DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093; Avila v 106 Corona Realty Corp., 300 AD2d 266, 267).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court