■ JOANE CRONIN et al., Respondents, v GRAMERCY FIVE ASSOCIATES et al., Respondents, and FLYNN-HILL ELEVATOR COMPANY, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [650 NYS2d 125] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about November 17, 1995, which, *inter alia*, prohibited defendants from inquiring into plaintiff Shea's past history of drug and alcohol abuse, affirmed, without costs.

The grant or denial of discovery is a discretionary matter (*Brady v Ottaway Newspapers*, 63 NY2d 1031). Here, the motion court's ruling was neither beyond the scope of its power to shape the contours of discovery nor an improvident exercise of its discretion. There was no showing of any relationship between the emotional distress that plaintiff claims resulted from the accident in issue and his past history of substance abuse. Thus, disclosure pertaining to the plaintiff's history of drug and alcohol abuse was properly precluded (*see, Wachtman v Trocaire Coll.*, 143 AD2d 527, 527-528). Concur—Ellerin, Ross, Tom and Mazzarelli, JJ.

Sullivan, J. P., dissents in part in a memorandum as follows: Plaintiff Timothy Shea claims, *inter alia*, that he sustained severe emotional distress as a result of an incident which occurred in July 1990 when the elevator in which he was a passenger plummeted more than ten floors to the bottom of the elevator shaft. The IAS Court limited Shea's claims for mental

anguish, emotional distress and psychological disorder to those "which result from his physical disabilities and his inability to work and function as a result of this incident." The court concluded that therefore Shea's alleged past substance abuse is irrelevant and precluded inquiry into that subject. In my view, this was error.

While, on the record before us, defendant may not be allowed unfettered discovery as to Shea's history of substance abuse, defendant should, at this point in the proceedings, at least be allowed to question him as to such history for the two years immediately preceding the accident. Absent inquiry to determine Shea's mental state prior to the accident, it cannot be determined whether his "inability to work and function" thereafter is solely a product of the accident or the result of a pre-existing condition. The majority, in asserting that there was no showing of any relationships between the emotional distress claimed to have resulted from plaintiff's accident and his past history of substance abuse, imposes on defendant an improper burden. That is not the standard for disclosure. CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof". Thus, upon request, disclosure is required "of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason." (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406.)

Shea's reliance on section 23.05 (a) of the Mental Hygiene Law, which prohibits the introduction of a patient's participation in a substance abuse program against such person in any action or proceeding in any court (*see, People v Torres*, 119 AD2d 508; *see also,* Mental Hygiene Law § 33.13 [c] [1]), is misplaced. The facts as to which inquiry should be permitted are not those relating to Shea's participation in a substance abuse program (Mental Hygiene Law § 23.05 [a]), but rather those surrounding the substance abuse itself. Since this disclosure "may contain information reasonably calculated to lead to relevant evidence (Siegel, New York Practice, § 344, p 422)" (*Zydel v Manges*, 83 AD2d 987), it should be permitted. In any event, the Mental Hygiene Law has no bearing insofar as defendant seeks information regarding Shea's history of alcohol abuse, since the confidentiality provisions apply only to participation in a substance abuse program and alcohol is not a "substance" (*see,* Mental Hygiene Law § 23.05 [a]; § 1.03 [39]).