■ ANONYMOUS PLAINTIFF 1 et al., Appellants-Respondents, v NEW YORK BLOOD CENTER, INC., et al., Respondents, and BAXTER HEALTHCARE CORPORATION, Also Known as TRAVENOL LABORATORIES, et al., Respondents-Appellants. [682 NYS2d 588] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about October 1, 1998, which granted plaintiffs' motion insofar as it sought a trial preference pursuant to CPLR 3407 but denied the motion insofar as it sought 90-day expedited discovery; limited plaintiffs' document requests to the period 1978 to date but denied defendants' request to further limit the relevant period by terminating the period as of the date of plaintiff's infection; and denied plaintiffs' requests for substantive relief, without prejudice to renewal after further discovery, unanimously affirmed, without costs.

In light of plaintiffs' dilatory conduct and the complex nature of this case, the court had "good cause" to conclude that discovery could not be completed within 90 days (CPLR 3407

[b] [1]). Nor was the motion court's supervision of discovery otherwise in error. Its direction that plaintiffs confine their discovery demands to documents respecting the period "1978 to date" was appropriate under the circumstances of the case (*see, Cronin v Gramercy Five Assocs.*, 233 AD2d 263). As to the challenged denial of plaintiffs' request for substantive relief, we note that by stipulation, so-ordered on August 2, 1998, plaintiffs elected to defer resolution of substantive issues until after discovery had been obtained. We perceive no basis upon which to void this election. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.