■ JACK SALAZAR et al., Respondents, v 521-533 WEST 57TH STREET CONDOMINIUM et al., Defendants, and SCHINDLER ELEVATOR CORPORATION, Appellant. [923 NYS2d 182]—

In an action to recover damages for personal injuries, etc., the defendant Schindler Elevator Corporation appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated April 23, 2010, which denied its motion to compel the plaintiff Jack Salazar to provide HIPAA-compliant (Health Insurance Portability and Accountability Act of 1996 [Pub L 104-191, 110 US Stat 1936]) authorizations for the release of records regarding his past treatment for seizures and mental health and substance abuse conditions.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion which was to compel the plaintiff Jack Salazar to provide HIPAA-compliant (Pub L 104-191, 110 US Stat 1936) authorizations for the release of records relating to past treatment for seizures, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action after the injured plaintiff, Jack Salazar, allegedly sustained injuries as the result of an accident in an elevator that was maintained by the defendant Schindler Elevator Corporation (hereinafter Schindler). During discovery, Schindler moved to compel Salazar to provide HIPAA-compliant authorizations for the release of records related to his past treatment for seizures and mental health and substance abuse conditions. The Supreme Court denied the motion. We modify.

Contrary to Schindler's contentions, the records relating to Salazar's mental health and substance abuse treatment were not discoverable inasmuch as they were privileged under CPLR 4504 and 4507, and Salazar withdrew any claims for injuries relating to those conditions (*see Cruci v General Elec. Co.*, 33 AD3d 840 [2006]; *Goldberg v Fenig*, 300 AD2d 439 [2002]; *Carboni v New York Med. Coll.*, 290 AD2d 473 [2002]). Schindler was, however, entitled to disclosure of the records relating to Salazar's treatment for seizures, inasmuch as the records are relevant and Salazar waived his privilege with respect to them (*see* CPLR 3101 [a]; 4504). Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.