Order, Supreme Court, New York County (Joan A. Madden, J.), entered October 25, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiffs motion for a protective order precluding disclosure of his medical records pertaining to prior substance abuse and mental health treatment and precluding defendants from using any such medical records already obtained, and denied defendants New York City Housing Authority’s and Schindler Elevator Corporation’s cross motions for sanctions and to compel disclosure of such records, unanimously affirmed, without costs.
Plaintiff commenced this action to recover for injuries to his knee and back, as well as post-traumatic stress disorder (PTSD) and mental and psychological injuries, allegedly suffered when he fell about seven feet down an elevator shaft located in a building owned by defendant NYCHA. There is no dispute that plaintiffs condition at the time of the accident will be relevant at trial, and medical and hospital records relating to his condition at that time have been provided in discovery. The branch of plaintiffs motion seeking leave to withdraw his claim for PTSD and mental and psychological injuries was granted, and that part of the order is not addressed by defendants on appeal.
*484 Having granted plaintiff’s motion to withdraw the claimed injuries relating to his mental condition, the motion court providently determined that plaintiff cannot be compelled to disclose confidential records relating to prior treatment for substance or alcohol abuse or his mental condition (see Churchill v Malek, 84 AD3d 446, 446 [1st Dept 2011]; Mental Hygiene Law § 33.13 [c] [1]). Defendant’s remaining claim for “loss of enjoyment of life,” relating solely to his claimed physical injuries, does not warrant disclosure of substance abuse and mental health treatment information, since its potential relevance has not been shown (see L.S. v Harouche, 260 AD2d 250 [1st Dept 1999]; Cronin v Gramercy Five Assoc., 233 AD2d 263 [1st Dept 1996]). A protective order preventing defendants from obtaining or using plaintiffs medical records regarding his mental health and purported treatment for alcohol abuse was properly issued, because defendants have not shown that the interests of justice significantly outweigh plaintiffs right to confidentiality (see Napoleoni v Union Hosp. of Bronx, 207 AD2d 660, 661-663 [1st Dept 1994]). Given defendants’ failure to offer expert or other evidence establishing a particularized need for inquiry into matters not directly at issue in this action, the denial of their discovery request was appropriate (see Budano v Gurdon, 97 AD3d 497, 499 [1st Dept 2012]; Elmore v 2720 Concourse Assoc., L.P., 50 AD3d 493 [1st Dept 2008]). Concur— Mazzarelli, J.E, Andrias, DeGrasse, Feinman and Kapnick, JJ.