■ MICHAEL QUINONES, Respondent, v 9 EAST 69TH STREET, LLC, et al., Defendants, and UBERTO, LTD., et al., Appellants. (And Third-Party Actions.) [18 NYS3d 106]—

In an action, inter alia, to recover damages for violation of Labor Law §§ 200, 240 and 241 (6), the defendants Uberto, Ltd., and Uberto Construction, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered January 30, 2013, as denied that branch of their motion which was pursuant to CPLR 3124 to compel the plaintiff to comply with certain discovery demands, and granted that branch of the plaintiff's cross motion which was for a protective order as to the information sought in the subject discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) (1) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The terms "material and necessary" in this statute "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). At the same time, a party is "not entitled to unlimited, uncontrolled, unfettered disclosure" (*Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2011]; *see Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2010]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). It is the burden of the party seeking disclosure " 'to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims' " (*Vyas v Campbell*, 4 AD3d 417, 418 [2004], quoting *Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]).

Here, the disputed material sought in the subject discovery demands is privileged, inasmuch as the defendants Uberto, Ltd., and Uberto Construction, Inc. (hereinafter together the Uberto defendants), seek medical records and mental health records, including such records that may be contained in criminal records (*see* CPLR 4504, 4507; *Dillenbeck v Hess*, 73 NY2d

278, 287 [1989]). The plaintiff, however, does not seek damages for emotional or psychological injury, and he therefore did not place his mental condition in issue (*see Alford v City of New York*, 116 AD3d 483, 484 [2014]; *Salazar v 521-533 W. 57th St. Condominium*, 84 AD3d 927 [2011]; *Wojtusiak v Elardo*, 43 AD3d 436 [2007]). Further, the plaintiff does not expressly seek damages for loss of enjoyment of life, and his claim for damages for pain and suffering related to his physical injuries does not warrant disclosure of the subject records, as their potential relevance has not been shown (*see Alford v City of New York*, 116 AD3d at 484; *Salazar v 521-533 W. 57th St. Condominium*, 84 AD3d 927 [2011]).

With respect to the demand for medical records referable to certain drugs that were allegedly prescribed and treatment that was purportedly rendered to the plaintiff for hepatitis, although the plaintiff placed in controversy his medical condition, the Uberto defendants failed to show that any such records were material and necessary to the defense of the action (*see Dillenbeck v Hess*, 73 NY2d at 287; *see also Farkas v Orange Regional Med. Ctr.*, 97 AD3d 720, 722 [2012]).

Further, the Uberto defendants did not show that the subject records are otherwise relevant to issues of liability, causation, or damages in light of, inter alia, the evidence already in the record in this case (*see Budano v Gurdon*, 97 AD3d 497, 499 [2012]; *Manley v New York City Hous. Auth.*, 190 AD2d 600 [1993]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the Uberto defendants' motion which was to compel the production of the subject records.

In light of the privileged nature of the subject records and the lack of their demonstrated relevance, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's cross motion which was for a protective order as to the materials sought in the subject discovery demands (*see Jet One Group, Inc. v Halcyon Jet Holdings, Inc.*, 111 AD3d 890, 892 [2013]; *Montalvo v CVS Pharm., Inc.*, 102 AD3d 842 [2013]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.