Lafata v Verizon Communications Inc. (2020 NY Slip Op 01272)





Lafata v Verizon Communications Inc.


2020 NY Slip Op 01272


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11098N 150202/16

[*1] Christopher J. Lafata, et al., Plaintiffs-Respondents,
v
Verizon Communications Inc., et al., Defendants-Appellants. [And Other Actions.]


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for appellants.
Arye, Lustig & Sassower, P.C., New York (Robert M. Fiala of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 21, 2019, which, inter alia, in this action where plaintiff was injured when he fell from a scissor lift while working as an electrician, denied defendants' motion to compel plaintiff to provide authorizations for various medical records, unanimously affirmed, without costs.
The motion court did not improvidently exercise its discretion in denying defendants motion to compel plaintiff to produce authorizations for his primary care providers, various specific medical providers, and his pharmacy records on the ground that plaintiff's allegations placed his entire medical condition in issue (see Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573 [1st Dept 2014]). Defendants failed to adduce any evidence showing that plaintiff sought treatment from his primary care physician or the named providers for the body parts that plaintiff alleges were injured in the subject accident. Defendants also failed to adduce any evidence showing that plaintiff received prescriptions to treat those body parts (see Rohan v Turner Constr. Co., 158 AD3d 436 [1st Dept 2018]; Spencer v Willard J. Price Assoc., LLC, 155 AD3d 592 [1st Dept 2017]; Diako v Yunga, 148 AD3d 438 [1st Dept 2017]). Although defendants claim they are entitled to medical records relating to aggravation of injuries sustained in a prior motor vehicle accident (see McGlone v Port Auth. of N.Y. & N.J., 90 AD3d 479 [1st Dept 2011]), they did not tailor their demands accordingly (compare Colwin v Katz, 102 AD3d 449 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK