DiLorenzo v Toledano (2021 NY Slip Op 00416)





DiLorenzo v Toledano


2021 NY Slip Op 00416


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-04873
 (Index No. 605949/17)

[*1]Joseph DiLorenzo, appellant, 
v
Baruch Toledano, etc., respondent, et al., defendants.


Robert F. Danzi, Jericho, NY (Christine Coscia of counsel), for appellant.
Rubin Paterniti Gonzalez Kaufman LLP, Garden City, NY (James W. Tuffin of counsel), for respondent and defendants Northwell Health Physician Partners, Northwell Healthcare, Inc., and Northwell Health, Inc.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 12, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Baruch Toledano which was to compel the plaintiff to provide an authorization for the release of treatment records from his psychiatrist, and denied the plaintiff's cross motion for a protective order preventing disclosure of those records.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [citation and footnote omitted]). In addition, "'the defense is entitled to review records showing the nature and severity of the plaintiff's prior medical conditions [which] may have an impact upon the amount of damages, if any, recoverable for a claim of loss of enjoyment of life'" (Montalto v Heckler, 113 AD3d 741, 741, quoting M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676, 679 [internal quotation marks omitted]).
Here, the plaintiff affirmatively placed his entire medical condition in controversy through the broad allegations of physical injuries made in his bill of particulars and during his deposition, and the claimed loss of enjoyment of life due to those injuries (see Greco v Wellington Leasing L.P., 144 AD3d 981, 982; Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768, 768). Moreover, the plaintiff's previous mental health condition is material and necessary to the issue of damages, if any, recoverable for a claimed loss of enjoyment of life due to his current injury (see Greco v Wellington Leasing L.P., 144 AD3d at 982; M.C. v Sylvia Marsh Equities, Inc., 103 AD3d at 679; cf. Quinones v 9 E. 69th St., LLC, 132 AD3d 750, 751).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Baruch Toledano which was to compel the plaintiff to provide [*2]an authorization for the release of treatment records from his psychiatrist, and denying the plaintiff's cross motion for a protective order preventing disclosure of those records.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court