Lindsay v CG Maiden Member, LLC (2022 NY Slip Op 07503)

Lindsay v CG Maiden Member, LLC

2022 NY Slip Op 07503

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 159454/17 Appeal No. 16997 Case No. 2022-02878 

[*1]Nathaniel Lindsay, Plaintiff-Respondent,
v
CG Maiden Member, LLC et al., Defendants, Five Star Catering, L.L.C., Defendant-Appellant.

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Kevin J. Brennan of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about June 2, 2022, which denied defendant Five Star Catering, LLC's motion to vacate the certificate of readiness for trial and the note of issue and to compel plaintiff to provide authorizations demanded before the filing of the note of issue, unanimously affirmed, without costs.
The motion court providently denied defendant's motion to compel authorizations for the records of pharmacies, hospitals, physicians, and other health care providers who provided care or issued prescriptions to plaintiff from about four months before the accident to present. Defendant failed to show that the requested records were material and necessary to assessing causation, plaintiff's ability to recover from his injuries, or his future prognosis (see CPLR 3101; Hunlock v New York City Tr. Auth., 194 AD3d 522, 523 [1st Dept 2021]). Plaintiff did not place his entire medical condition in controversy by suing to recover damages for orthopedic injuries to his shoulders, hands, and right wrist by alleging in the bill of particulars that those injuries are permanent in nature (see Abrew v Triple C Props., LLC, 178 AD3d 526, 527 [1st Dept 2019]; Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]). Given defendant's failure to offer proper expert evidence establishing a particularized need for the inquiry into matters not directly at issue in this action, the denial of its discovery request for plaintiff to produce medical records pertaining to his overall health, habits, and activities was proper (see Alford v City of New York, 116 AD3d 483, 484 [1st Dept 2014]). Furthermore, defendant failed to demonstrate how plaintiff's claim that his alleged injuries are permanent in nature affects his life expectancy given that it concedes that he "has not claimed that his life expectancy has been negatively affected by the accident."
Finally, defendant's request to vacate the note of issue to permit additional discovery was properly denied as defendant failed to demonstrate that a material fact in
the certificate of readiness is incorrect (see Sky Coverage Inc. v Alwex Inc., 202 AD3d 454 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022