500 Eighth Ave. Ltd. Liab. Co. v Resource Training Ctr. Inc (2023 NY Slip Op 01643)

500 Eighth Ave. Ltd. Liab. Co. v Resource Training Ctr. Inc

2023 NY Slip Op 01643

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Kennedy, Pitt-Burke, Higgitt, JJ. 

Index No. 160028/16 Appeal No. 17590 Case No. 2022-0512 

[*1]500 Eighth Avenue Limited Liability Company, Plaintiff-Respondent,
v
Resource Training Center Inc Also Known as The Resource Training Center, Inc., Defendant-Appellant, Donna Mae Depola, Defendant.

C.S., Cardillo, P.C., New York (Christopher Cardillo of counsel), for appellant.
Rose & Rose, New York (James E. Bayley of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 17, 2022, which, to the extent appealed from, denied defendant Resource Training Center Inc.'s motion for discovery on the issue of damages, unanimously dismissed, without costs, as moot.
After the order on appeal was rendered, and before the determination on this appeal, the trial on damages was conducted, therefore rendering this appeal moot (see Matter of Sahid v 1065 Park Ave. Corp., 140 AD3d 521, 521 [1st Dept 2016]). The exceptions to the mootness doctrine do not apply here (id.).
Were we to reach the merits of the appeal, we would reject defendant's arguments. Defendant failed to establish any basis to vacate the note of issue or allow post-note of issue discovery, as no there were circumstances requiring additional pretrial proceedings after the note of issue was filed (22 NYCRR 202.21[d]; see Lindsay v CG Maiden Member, LLC, 211 AD3d 638, 638 [1st Dept 2022]; Sky Coverage Inc. v Alwex Inc., 202 AD3d 454, 454 [1st Dept 2022]). On the contrary, the damages sought by plaintiff were clear, consisting simply of the rent due under the lease through the lease expiration date, as well as plaintiff's legal fees, and no further disclosure was necessary to elucidate any of the relevant issues.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023