**Plana v United Christian Evangelistic Assn.**

2024 NY Slip Op 31117(U)

April 3, 2024

Supreme Court, New York County

Docket Number: Index No. 157354/2020

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **05M** |
| | *Justice* | | |

-------------------------------------------------------------------------X

DIONISIA PLANA,

          Plaintiff,

         - v -

UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED PALACE OF CULTURAL ARTS, INC.,UNITED PALACE OF SPIRITUAL ARTS, INC.,WASHINGTON HEIGHTS AND INWOOD DEVELOPMENT CORPORATION, CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION

          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157354/2020 |
| **MOTION DATE** | 03/23/2023, 05/04/2023, 12/04/2023 |
| **MOTION SEQ. NO.** | 003 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion for          DISCOVERY        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153

were read on this motion for          DISCOVERY        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179

were read on this motion for          DISCOVERY        .

     There are three motions pending before the court in the instant case. With the first, plaintiff DIONISIA PLANA ("plaintiff") seeks an order compelling defendants United Christian Evangelistic Association ("UCEA"), United Palace of Cultural Arts, Inc. ("UPCA"), and United Palace of Spiritual Arts Inc. ("UPSA") (hereinafter collectively referred to as "UCEA") to furnish a representative for testimony at a deposition to be arranged by the plaintiff. With the second, plaintiff moves for an order compelling defendants City of New York ("City") and New York City Department of Transportation ("NYCDT") to produce outstanding discovery and to furnish witness Sam Wynn ("Wynn") to testify at a deposition to be scheduled by plaintiff. Defendant Washington Heights and Inwood Development Corp. ("WHIDC") joins in that application. Finally, with the third motion WHIDC moves to compel plaintiff to attend two additional independent medical examinations ("IMEs").

**157354/2020   PLANA, DIONISIA vs. UNITED CHRISTIAN**
**Motion No.  003 004 005**

**Page 1 of 5**

[* 1]

## BACKGROUND

In this negligence lawsuit, plaintiff alleges that on March 19, 2019, she suffered severe injuries after tripping and falling on a sidewalk or plaza next to a building owned by UCEA located at 651 West 175th Street, New York, New York. Plaintiff contends that defendants are jointly responsible for maintaining a defective and unsafe condition on the sidewalk and/or being aware of such condition beforehand.

The case is presently in the pre-trial discovery phase. Plaintiff has been deposed, and on September 21, 2022, plaintiff's counsel deposed Thomas Cunningham ("Cunningham"), a representative of UCEA. Cunningham held the position of senior director of security and ceremony liaison, as well as head minister. During his testimony, he indicated that he had served as the head of security since September 10, 2018. He mentioned the existence of a maintenance team comprising nine individuals, which included Joan Guzman ("Guzman"), the director of operations responsible for overseeing the maintenance department. Cunningham testified that he regularly witnessed the maintenance team clearing snow and ice adjacent to the premises. However, he asserted that he never paid specific attention to or scrutinized the condition of the pavers where the accident occurred. Furthermore, he admitted to being unaware of any work conducted in that area since the accident date. Additionally, he clarified that the condition of the pavers was not a matter of concern for him and did not fall under his responsibilities. As such, plaintiff now seeks Guzman's testimony to expound on perceived deficiencies in Cunningham's testimony.

Separately, Larisa Dubina ("Dubina"), previously testified on behalf of the City. Dubina, a record searcher for NYCDT, testified during her deposition that she had no knowledge of the plaza. As such, plaintiff now seeks the testimony of Wynn, who plaintiff argues would have extensive knowledge of the plaza.

## DISCUSSION

CPLR §3101 provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The words 'material and necessary' as used in CPLR §3101(a) are 'to be interpreted liberally to require disclosure ...of any facts bearing on the controversy'" (*Allen v. Crowell-Collier Pub. Co*., 21 NY2d 403, 406 [1968]). At the same time, a party is "not entitled to unlimited, uncontrolled, unfettered disclosure" (*Geffner v. Mercy Med. Ctr*., 83 AD3d 998, 998 [2d Dept 2011]; *Quinones v. 9 E. 69th St., LLC*, 132 AD3d 750, 750 [2d Dept 2015]). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Crazytown Furniture v. Brooklyn Union Gas Co*., 150 AD2d 420, 421 [2d Dept 1989]; *Quinones*, 132 AD3d at 750, *supra*). Pursuant to CPLR §3124 this court can, in its discretion, compel disclosure of information that a party fails to adequately respond to.

A plaintiff in a personal injury action affirmatively places her physical and/or mental condition in controversy (*see Koump v. Smith*, 25 NY2d 287, 295 [1969]). Pursuant to CPLR §3121, following the commencement of an action, "[w]here a plaintiff puts her physical condition

**157354/2020   PLANA, DIONISIA vs. UNITED CHRISTIAN**
Motion No.  003 004 005

**Page 2 of 5**

2 of 5

at issue, the defendants may require a plaintiff to submit to an IME by a physician retained by defendant for that purpose" (*Markel v. Pure Power Boot Camp, Inc.*, 171 AD3d 28, 29 [1st Dept 2019]; *see also Arons v. Jutkowitz*, 9 NY3d 393, 409 [2007]).

A defendant is entitled to an IME of a plaintiff where the plaintiff fails to make a prima facie showing that it is potentially harmful or poses a serious threat to her health (*see Chavoustie v. New York Hosp.-Cornell Med. Ctr.*, 253 AD2d 702 [1st Dept 1998], *lv denied* 93 NY2d 805 [1999]).

### Motion Seq. 003

Here, plaintiff's request to depose Guzman (Mot. Seq. 003) is denied. To be sure, plaintiff has failed to establish that Cunningham, a senior director of security and a community liaison for UCEA, who was already deposed on behalf of UCEA did not possess sufficient knowledge of the relevant facts or was otherwise inadequate. To the contrary, Cunningham's testimony evinced that UCEA did not have responsibility for maintenance of the plaza. This stance would receive backing from Guzman, making any further testimony from her irrelevant and immaterial to the current case. Consequently, plaintiff's request to depose Guzman is denied.

### Motion Seq. 004

Plaintiff and WHIDC's request to depose Wynn, however, is granted. Unlike Cunnigham, Dubina's previous testimony on behalf of the City revealed that Dubina had no knowledge of the plaza. By contrast, Wynn was identified several months ago as having been provided with written notice concerning the dangerous condition of the plaza. Nevertheless, despite good faith demands on the part of plaintiff and other defendants, the City failed to produce any documentation concerning the defective condition of the subject location, email communication from and to Wynn, or anything from the plaza. As Wynn would likely provide testimony that is both material and relevant to this action, and that would expound on Dubina's pervious testimony, it is axiomatic that plaintiff and WHIDC's request to depose Wynn is granted. During the oral argument before the court on April 2, 2024, the City's counsel mentioned that Wynn might no longer be employed by the City. Should this be accurate, the City is directed to furnish plaintiff and WHIDC with Wynn's most recent known address within fifteen (15) days following the issuance of this court's decision.

Separately, the City has failed to respond to two demands for documents made on February 4, 2022 and November 2, 2022. In accordance with a prior compliance order, this court ordered the City to provide documents related to records in its possession for the period of two years prior to and including the date of the accident. It is indisputable, especially considering this court's previous directives, that plaintiff and WHIDC are expressly entitled to obtain these documents, encompassing records, agreements, and email correspondence pertaining to the plaza, its condition, design, installation, maintenance, and repair for the two-year period leading up to and including the date of the accident. Consequently, the request made by plaintiff and WHIDC for these records is granted, and the City is directed to furnish them.

### Motion Seq. 005

**157354/2020  PLANA, DIONISIA vs. UNITED CHRISTIAN**
**Motion No.  003 004 005**

**Page 3 of 5**

3 of 5

[* 3]

Finally, WHIDC's request for additional IMEs is granted. WHIDC correctly highlights that there is no prejudice to plaintiff attending further IMEs, whereas WHIDC would be prejudiced in its defense without them. WHIDC acknowledges it did not comply with the original IME time frames (within 60 days of plaintiff's deposition per the Case Scheduling Order), but states the oversight was inadvertent. The court credits and accepts that assertion, and deems plaintiff's opposition, primarily centered on highlighting WHIDC's perceived non-compliance with court orders, as unpersuasive. In addition, in this case, where plaintiff is alleging injuries to her cervical spine, lumbar spine, right shoulder, left shoulder, and left-hand necessitating surgery, it is unquestionable that the requested IMEs are both material and relevant to the defense of this action. Plaintiff acknowledged this fact during oral arguments before the court on April 2, 2024. Indeed, at oral argument, plaintiff confessed that plaintiff's opposition was primarily based on hostility towards WHIDC's non-compliance with court orders rather than a genuine belief that WHIDC was not entitled to additional IMEs based on the alleged injuries.

Although this court promotes adherence to court orders as an essential and pivotal element in achieving a just outcome, fidelity to this principle must occasionally give way to the court's fundamental duty not to disadvantage any party or hinder their ability to represent their clients in the most exemplary manner. As such, it is axiomatic that WHIDC is entitled to conduct physicals relating to plaintiff's alleged neurological and spinal injuries. Plaintiff's assertion that IMEs should have been conducted within conducted within three weeks rather than three months is unpersuasive, particularly where, as here, the IMEs would have been noticed and conducted prior to the instant motion practice if plaintiff had simply agreed to a slightly longer period than plaintiff would have ideally preferred. Where, as here, WHIDC attempted to obviate the need for the instant motion practice by communicating in good faith with plaintiff, the court does not agree with plaintiff's assertions that WHIDC's conduct is willful and contumacious. Rather, on balance, WHIDC is simply requesting examinations material to its defense. And WHIDC, in this court's assessment, is entitled to those material and necessary examinations. As such, it is hereby

ORDERED that Motion Seq. 003 is denied to the extent that plaintiff's request to depose Guzman is denied; and it is further

ORDERED that Motion Seq. 004 is granted to the extent that plaintiff and WHIDC's request to depose Wynn, is granted and said deposition shall be conducted within sixty (60) days of this order; and it is further

ORDERED that if Wynn is no longer employed by the City, the City shall provide Wynn's last known address within fifteen (15) days of this order and Wynn's deposition shall be held forthwith thereafter in accordance with any subpoenas issues to procure Wynn's appearance; and it is further

ORDERED that Motion Seq. 004 is further granted to the extent that the City is directed to respond, within sixty (60) days of this order, to previous demands for documents made on February 4, 2022 and November 2, 2022 for the period of two years prior to and including the date of the accident, including but not limited to records, agreements, and email correspondence pertaining to the plaza, its condition, design, installation, maintenance; and it is further

**157354/2020   PLANA, DIONISIA vs. UNITED CHRISTIAN**
**Motion No.  003 004 005**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED that the City's failure to provide the requested records within the timeframe allotted may result in the striking of the City's answer and further sanctions as deemed appropriate by this court; and it is further

ORDERED that if the City is unable to provide the requested records within the timeframe allotted, the City shall produce an affidavit from an affiant with personal knowledge detailing all efforts that the City has made to secure the requested records within the sixty (60) days of this order; and it is further

ORDERED that Motion Seq. 005 is granted to the extent that plaintiff is to appear for a further independent neurological and spinal medical examinations before Drs. Bender and Bendo, or other properly designated physicians, within sixty (60) days of the date of this order; and it is further

ORDERED that the parties are directed to appear for a compliance conference before the court in Part DCM located on the first floor of the courthouse located at 80 Centre Street, on June 4, 2024 at 2:00 PM.

This constitutes the decision and order of the court.

| 4/3/2024 | | HASA A. KINGO, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157354/2020   PLANA, DIONISIA vs. UNITED CHRISTIAN**
**Motion No.  003 004 005**

**Page 5 of 5**

5 of 5