**Levin v City of New York**

2024 NY Slip Op 31226(U)

April 10, 2024

Supreme Court, New York County

Docket Number: Index No. 152982/2019

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. HASA A. KINGO** | PART 05M |
| | *Justice* | |

-------------------------------------------------------------------------------X

STEPHEN J LEVIN, LOURDES JIMENEZ LEVIN,

                Plaintiff,

- v -

THE CITY OF NEW YORK, CONSOLIDATED EDISON,
CONSOLIDATED EDISON COMPANY OF NEW YORK INC

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152982/2019 |
| MOTION DATE | 01/26/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION ON MOTION -
SUBMIT ORD / JGMT
(AMENDED)**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 50, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68

were read on this motion to/for             DISCOVERY          .

      This is an action to recover monetary damages for personal injuries allegedly sustained on March 13, 2018, by Plaintiff Steven Levin ("Plaintiff"), when he allegedly tripped and fell in the roadway of West 54th Street near its intersection with 7th Avenue here in the City and County of New York. Plaintiff allegedly fell over construction debris located in the roadway at the subject location. With the instant motion, Plaintiff and Plaintiff Lourdes Jimenez Levin (collectively "Plaintiffs") seeks an order compelling Defendant Consolidated Edison company of New York, Inc. ("Con Ed") and Defendant the City of New York ("City") to produce records in response to a post-EBT demands and to produce additional witnesses to testify. Upon failure to produce the records requested by a date certain, Plaintiffs' seek to automatically preclude Con Ed and the City from offering any testimony or evidence at trial or in support of or opposition to any dispositive motion.

## DISCUSSION

      CPLR §3101(a)(1) provides, in relevant part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The terms "material and necessary" in this statute "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (*Matter of Kapon v. Koch*, 23 NY3d 32, 38 [2014]*, quoting Allen v. Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). At the same time, a party is "not entitled to unlimited, uncontrolled, unfettered disclosure" (*Geffner v. Mercy Med. Ctr.*, 83 AD3d 998, 998 [2d Dept 2011]; *see Quinones v. 9 E. 69th St., LLC*, 132 AD3d 750, 750 [2d Dept 2015]). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Crazytown Furniture v. Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [2d Dept. 1989]; *see Quinones*, 132 AD3d at 750, *supra*).

**152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 1 of 4**

CPLR §3126 authorizes the imposition of disclosure sanctions, including the striking of a pleading, for a party's failure to comply with court-ordered discovery, especially where there is a clear showing that plaintiff's conduct is willful, contumacious or manifests bad faith (*see Irizarry v Ashar Realty Corp.*, 14 AD3d 323 [1st Dept 2005]; *Katz v Dream Trans, Inc.*, 11 AD3d 412 [1st Dept 2004]; *Frye v City of New York,* 228 AD2d 182 [1st Dept 1996]).

Finally, pursuant to CPLR §3124 this court can, in its discretion, compel disclosure of information that a party fails to adequately respond to.

***Con Ed***

Here, Plaintiffs' motion must be denied in its entirety with respect to Con Ed. First, Con Ed has fully complied with the Case Scheduling Order ("CSO") and all orders of this court, and is not required to provide the additional disclosures sought by Plaintiffs here. To be sure, Plaintiffs' Demand No. 2 demanded a "copy of all permits, permit applications, Notice(s) of Violation, Corrective Action Request, Inspection records, HIQA records for the roadway segment of West 54th Street between 7th Avenue and 6th Avenue (Avenue of the Americas) for the period from March 8, 2018 to April 30, 2018." Such a request is overly broad, as Plaintiffs' demand a search for the entire block, even though the accident here is alleged to have occurred in the crosswalk near the corner of West 54th Street and 7th Avenue. Likewise, Con Ed has already complied with the CSO by searching for pertinent documents looking back two years from the date of the accident, including the period from March. 8, 2018 to the date of the accident, March 13, 2018. Plaintiffs also improperly seek post-accident records (i.e., March 14, 2018 to April 30, 2018) that are not discoverable (*see Cook v. HMC Times Sq. Hotel, LLC*, 112 AD3d 485 [1st Dept 2013]). Despite Plaintiffs' admission that non-party Verizon is responsible for the condition that caused the accident, in support of the underlying motion, Plaintiffs contend that post-accident records are needed to determine ownership and control of the instrumentality that caused Plaintiff's accident. However, in point and fact, there is no issue of control over the condition that caused the accident. Plaintiffs have already admitted that the debris that caused the accident belonged to non-party Verizon. As such, requiring Con Ed to make further disclosures would be improper.

In addition, Plaintiffs' Demand No. 3 seeks a "copy of all permits, permit applications, Notice(s) of Violation, Corrective Action Request, Inspection records, HIQA records for the sidewalk segment of West 54th Street between 7th Avenue and 6th Avenue (Avenue of the Americas) for the period from March 8, 2018 to April 30, 2018." It is undisputed that Plaintiff's accident occurred not on a sidewalk, but rather in the crosswalk of the roadway as he was crossing West 54th Street at the intersection of 7th Avenue. Therefore, any records related to the sidewalk are not material or necessary to the defense or prosecution of this action because the allegations in this case do not pertain to an alleged dangerous condition on the sidewalk and because, as noted, Plaintiffs have failed to proffer that Con Ed is not responsible for the condition that caused Plaintiff's accident.

Plaintiffs' Demand No. 4 seeks a "copy of all permits, notice(s) of violation, corrective action request, opening tickets, paving orders, emergency control system tickets, in possession of Consolidated Edison for the West 54th Street between 7th Avenue and 6th Avenue (Avenue of the

**152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK**                                    **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

Americas) for the period from January 1, 2017 to April 30, 2018." Plaintiffs' Demand No. 5 seeks a "copy of all dispositions and/or resolutions of the Correction Action Requests and/or Notice(s) of Violation issued to Consolidated Edison pertaining to West 54th Street between 7th Avenue and 6th Avenue (Avenue of the Americas) for the period from January 1, 2017 to April 30, 2018." Plaintiffs' Demand No. 8 seeks "copy of all inspection reports prepared by or on behalf of Con Edison pertaining to the compliance of Con Edison and/or its contractors with the specific stipulations contained in the permits issued by the Department of Transportation for the West 54th Street between 7th Avenue and 6th Avenue (Avenue of the Americas) for the period from January 1, 2017 to April 30, 2018."

Con Ed has properly objected to these demands. Indeed, Plaintiffs' Demands Nos. 4, 5, and 8 improperly seek records for the entire block, even though the accident occurred in the crosswalk near the corner of West 54th Street and 7th Avenue. Again, Plaintiff admits that the debris that caused his accident belonged to non-party Verizon. Plaintiffs' Demands Nos. 6 and 7 are likewise improper as the debris in question belonged to non-party Verizon. As such, no amount of additional discovery from Con Edi is material or necessary in the prosecution or defense of this matter because Plaintiffs' have failed to proffer that Con Ed is not responsible for the condition that caused Plaintiff's accident.

Finally, Plaintiffs' Demand No. 10 seeks a further deposition of Con Ed to interpret the records produced in response to Plaintiffs' Demands Nos. 2-8. A witness for Con Ed has already testified. In any event, Plaintiffs' demand for a further witness is not a proper demand for a notice to produce, and, once again, no additional discovery or deposition testimony from Con Ed would be material because there is not, at the present time, a basis for which Plaintiffs could argue that "material and necessary" information could be gleaned from Con Ed, who appears to have had minimal or no established responsibility for the condition that caused Plaintiff's accident.

Plaintiffs identify five permits and four notices of violation included in the City's Response to the CSO that were not included in Con Ed's response to the CSO. None of these permits or notices of violation is associated with the permit for the area where Plaintiff's alleged the accident occurred. The notices of violation were issued for locations unrelated to Plaintiff's accident. As the permits or notices of violation are not relevant as they do not relate to the location of the accident, Plaintiffs' have failed to show that their disclosure is "material and necessary" to the prosecution of this action.

Finally, Con Ed has not acted willfully, contumaciously, or in bad faith with respect to the discovery related to the instant motion. Accordingly, the portions of Plaintiffs' motion which seek to compel a further response from Con Ed and/or preclude Con Ed from offering testimony or evidence at trial in support of or in opposition to any dispositive motion are denied.

### *The City*

Plaintiffs' motion with respect to the City is premised primarily on the contention that the City must produce records for the subject location after the accident occurrence, despite the alleged defect being a transient condition and beyond the scope of the CSO. As articulated in its opposition, the City has complied with its discovery obligations in this matter. Specifically, on December 14,

**152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK**                      **Page 3 of 4**
**Motion No.  002**

3 of 4

2021, the City served its response to the CSO noting that Department of Transportation ("DOT") records had been requested. Thereafter, the City Served a supplemental CSO response on July 21, 2022, which contained the DOT records in compliance with the CSO for a 2-year search of the roadway located at West 54th Street between 7th Avenue and Avenue of the Americas aka 6th Avenue to include 6 ½ Avenue for the search period of March 13, 2016 to March 13, 2018. On September 8, 2023, the City served its Response to Plaintiffs' Post-EBT demands, denying the production of street sign records, sidewalk records and subsequent accident permits, applications, NOVs, CARS and HIQA inspection records. In addition to the documents produced the City has produced a DOT witness for deposition.

It is undisputed here that Plaintiff allegedly fell on debris in the roadway located at West 54th Street near its intersection with 7th Avenue. Plaintiffs' post-EBT demand for sidewalk and sign records is not material and necessary to the defense or prosecution of the action. Additionally, no showing has been made for the applicability of this demand to the claims asserted in the matter. Plaintiffs' application amounts to a fishing expedition that has nothing to do with the actual claims alleged in this action. Further, Plaintiffs' other demand of the City to produce DOT records subsequent to Plaintiff's alleged accident is beyond the scope of the CSO. The City's DOT records previously produced comply with the CSO. Specifically, the documents are for a 2-year search of the roadway located at West 54th Street between 7th Avenue and Avenue of the Americas aka 6th Avenue to include 6 ½ Avenue for the search period of March 13, 2016 to March 13, 2018.

Finally, Plaintiffs have made no showing that the City has acted willfully, contumaciously or in bad faith. The record shows that the City has acted in good faith, categorically undermining the imposition of preclusion or sanctions. Accordingly, is it hereby

ORDERED that Plaintiffs' motion is denied in its entirety; and it is further

ORDERED that the parties are directed to appear for a conference in the DCM part of the courthouse located at 80 Centre Street, first floor, on May 7, 2024 at 2:00 PM.

This constitutes the decision and order of the court.

20240410164639HKINGOF3HZ7DQC9CC64075B6A51CBEA96E7259

**4/10/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

CHECK ONE:  ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 4 of 4**

[* 4]