Martinez v Hudson Yards N. Tower Tenant LLC (2024 NY Slip Op 06658)

Martinez v Hudson Yards N. Tower Tenant LLC

2024 NY Slip Op 06658

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 153472/20 Appeal No. 3360 Case No. 2023-04776 

[*1]Denny Martinez, Respondent,
v
Hudson Yards North Tower Tenant LLC, et al., Defendants.
Warner Media, LLC, et al., Third-Party Plaintiffs,
v
Certified Moving & Storage Co., LLC, Third-Party Defendant-Appellant.

Downing & Peck, P.C., Rockville Centre (Marguerite D. Peck of counsel), for appellant.
Michael H. Zhu, PC, New York (Michael H. Zhu of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about September 13, 2023, which denied third-party defendant Certified Moving & Storage Co., LLC's motion to compel plaintiff to appear for a continued deposition and to give third-party defendant an authorization for pre-accident medical and employment records, or, in the alternative, to preclude plaintiff from offering evidence at trial, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying third-party defendant's motion, as the information sought in the motion — namely, medical records regarding injuries to plaintiff's right knee and left elbow resulting from an unrelated accident in 2016 — was not relevant to plaintiff's claims in this action, which arise from an accident in January 2019 (see Lafata v Verizon Communications Inc., 180 AD3d 575, 575-576 [1st Dept 2020]). In the action underlying this appeal, plaintiff does not allege any injuries to his right knee and left elbow, nor does he allege that the 2019 accident aggravated any preexisting conditions involving those body parts (see Gumbs v Flushing Town Tr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014], appeal withdrawn 25 NY3d 986 [2015]).
Plaintiff also did not place his injuries from the 2016 accident in controversy, as he alleges that only the injuries he suffered in 2019 to his left knee, right elbow, right wrist, and right shoulder are permanent in nature and prevent him from maintaining employment (see Lindsay v CG Maiden Member, LLC, 211 AD3d 638, 638 [1st Dept 2022]). Plaintiff returned to full-time work seven months before the January 2019 accident, and he amended the bills of particulars in the 2016 action to withdraw any claim that he remained partially disabled (see id.; Jerez v 2141, LLC, 191 AD3d 407, 407 [1st Dept 2021]). Plaintiff also does not claim loss of enjoyment of life or a reduction in life expectancy so as to place his overall medical condition into controversy (see Lindsay, 211 AD3d at 638; see also Morillo v 623-631 W. 207th St., LLC, 205 AD3d 649, 650 [1st Dept 2022]).
We have considered third-party defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024